Harley F. GREEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A04–9407–CR–286.

Court of Appeals of Indiana,
First District.

March 16, 1995.

## OPINION

BAKER, Judge.

Appellant-defendant Harley F. Green appeals his conviction for Possession of Cocaine with Intent to Deliver,[1] a Class A felony. Specifically, Green contends that the trial court erred in denying his motion to suppress cocaine seized during a warrantless search of his automobile.

### FACTS

In February 1993, Elkhart Police Officer William Marks of the Elkhart County Drug Task Force (Task Force) received an anonymous "Crime-stoppers" tip that Green was dealing cocaine from his condominium and that he was involved in cocaine trafficking between Indiana and Texas. In March 1993, Middlebury Town Marshall Bob Baker informed Officer Marks that Green had been arrested in Missouri for drug trafficking and that at the time of his arrest, Green was armed with a semi-automatic weapon and had cocaine concealed in his car in Pepsi and WD–40 cans and a 35mm film canister. Thereafter, on September 24, 1993, the Task Force learned from a reliable informant that Green planned to make a trip to Texas to pick up cocaine. As a result, the Task Force set up an around-the-clock surveillance of Green's condominium on September 25, 1993. Soon after, the Task Force learned that Green and John Tovey planned to leave for Texas on October 3, 1993, driving Green's 1988 Chrysler.

---

1. IND. CODE § 35–48–4–1(b)(1).

On October 3, the Task Force observed Green and Tovey leave Green's condominium and travel southbound on U.S. 31. The Task Force followed Green's vehicle until it reached U.S. 6 and then ended its surveillance with the assumption that Green and Tovey were headed toward Texas to pick up cocaine. Estimating that Green would return in approximately two days, the Task Force re-established surveillance on the U.S. 20 Bypass and U.S. 31 on October 6. Although the officers on the Task Force discussed obtaining an anticipatory search warrant, they later rejected the idea.

After approximately twelve hours of surveillance, the Task Force observed Green's vehicle at approximately 10:00 P.M. travelling on U.S. 31. Members of the Task Force followed Green's vehicle to the U.S. 20 Bypass and at approximately 10:22 P.M., Corporal John Perry and Detective Ted Selman stopped Green's vehicle on the exit ramp to S.R. 19. At the time of the stop, Green was sitting in the passenger seat and Tovey was driving. Both Green and Tovey were removed from the vehicle at gun point and placed in handcuffs. The Task Force then conducted a search of both the passenger compartment and the trunk of Green's vehicle and found 181.2 grams of cocaine concealed in Pepsi and WD–40 cans and in a 35mm film canister. Both Green and Tovey were subsequently placed under arrest for possession of cocaine.

On January 12, 1994, Green filed a motion to suppress the cocaine as the fruit of an unlawful search, which the court denied on January 21, 1994. Following a bench trial, Green was convicted of possession of cocaine with intent to deliver and sentenced to twenty years imprisonment.

### DISCUSSION AND DECISION

Green argues that the cocaine seized from the passenger compartment and trunk of his car was inadmissible because it was obtained without a search warrant. The State counters that the warrantless search of Green's vehicle was made with probable cause and, thus, was valid.

The Fourth Amendment to the United States Constitution and Article 1, § 11 of the Indiana Constitution protect those areas in which a person has a reasonable expectation of privacy against unreasonable searches and seizures. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *Robles v. State* (1987), Ind., 510 N.E.2d 660, 663. It remains a cardinal principle that searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment—subject to only a "few specifically established and well-delineated exceptions." *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991). The burden of demonstrating that a warrantless search was conducted within the confines of the warrant requirement falls upon the State. *Rabadi v. State* (1989), Ind., 541 N.E.2d 271, 274.

An exception to the warrant requirement has been recognized in certain cases for automobiles. The automobile exception was first recognized in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In that case, the United States Supreme Court questioned the admissibility of contraband liquor seized in a warrantless search of a car on the highway. In upholding the warrantless search of the car, the Court recognized the practical difficulty inherent in securing warrants to search movable conveyances. The court then set out the circumstances under which a warrantless search of a movable conveyance may be made and stressed that a warrant must be used where it is reasonably practicable:

> [T]hose lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise ...
>
> .    .    .    .    .
>
> Such a rule fulfills the guaranty of the Fourth Amendment. In cases where securing a warrant is reasonably practicable, it must be used, and when properly sup-

ported by affidavit and issued after judicial approval protects the seizing officer against a suit for damages. In cases where seizure is impossible except without a warrant, the seizing officer acts unlawfully and at his peril unless he can show the court probable cause.

267 U.S. at 154, 156, 45 S.Ct. at 285, 286. Subsequently, the U.S. Supreme Court explained the "impracticability" limitation set forth in *Carroll:*

> Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search. *Carroll, supra,* holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.

*Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1969). As recently as 1991, the Supreme Court reaffirmed the *Carroll* doctrine in *California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). In that case, the Supreme Court specifically adopted the automobile exception from *Carroll* without extending or broadening its scope. 500 U.S. at 580, 111 S.Ct. at 1991. Thus, the Court has recognized that where there is probable cause to believe an automobile contains fruits or instrumentalities of a crime, the inherent mobility of the automobile justifies a warrantless search. *See Fyock v. State* (1982), Ind., 436 N.E.2d 1089, 1094. However, the Court has further recognized that where it is practicable to obtain a search warrant, it is unreasonable to conduct a warrantless search of an automobile. *See Carroll,* 267 U.S. at 156, 45 S.Ct. at 286.

In the present case, it is not questioned whether the police had probable cause to search Green's vehicle. The record amply supports that they did. However, it is not asserted, given the particular facts of this case, that it was impracticable to secure a search warrant for the automobile. The police had been surveilling Green and knew from reliable informants two days in advance when and where Green would be transport-

ing the cocaine. Thus, because it was practicable for the Task Force to obtain a search warrant, it was unreasonable for it to conduct a warrantless search of Green's automobile. To hold otherwise would obviate the need to obtain a warrant to search a car whenever probable cause exists, contrary to the holdings under the Fourth Amendment to the United States Constitution and Article 1, § 11 of the Indiana Constitution. Therefore, as the warrantless automobile search in the present case was illegal, Green is entitled to have the fruits of that search suppressed. Accordingly, the trial court's judgment on the motion to suppress is reversed and Green's conviction is vacated. Further, this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

NAJAM, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. The exigent circumstances/impracticability justification is no longer germane to the automobile exception. Instead, modern jurisprudence justifies the warrantless search of an automobile and its contents on the basis that a citizen has a lesser expectation of privacy in an automobile. *United States v. Johns,* 469 U.S. 478, 485, 105 S.Ct. 881, 885–86, 83 L.Ed.2d 890 (1985). The *Johns* court noted that the protection afforded by the Fourth Amendment varies in different settings and that an individual's expectation of privacy in a vehicle and its contents may not survive *if probable cause is given* to believe that the vehicle is transporting contraband. *Id.* The *Johns* court held:

> Consequently, '[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.'

*Id.* (quoting *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982); *Accord Moody v. State* (1983), Ind., 448 N.E.2d 660, 663; *Cf. Fyock v. State* (1982), Ind., 436 N.E.2d 1089, 1095 (Warrant-

less search of sock recovered from the floor of an automobile upheld as defendant could not entertain reasonable or substantial privacy expectation with regard to that sock); *See also Curry v. State* (1994), Ind.App., 643 N.E.2d 963, 973 (Reliance upon *Johns, Ross, Chambers,* and *Carroll* for the proposition that, if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle that may conceal the object of the search).

The majority's reliance upon *California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), for the proposition that the exigent circumstances/impracticability analysis of *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) is still required under ·the automobile exception is misplaced. The *Acevedo* court held:

> Our holding today neither extends the *Carroll* doctrine nor broadens the scope of the permissible automobile search delineated in *Carroll, Chambers* [*v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1969) (also relied upon in the majority) ], and *Ross.* ... We therefore interpret *Carroll* as providing one rule to govern all automobile searches. *The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.*

500 U.S. at 580, 111 S.Ct. at 1991 (Emphasis added). The dissenters in *Acevedo* noted:

> Relying on arguments that conservative judges have repeatedly rejected in past cases, the Court today—despite its disclaimer to the contrary, *ibid.*—enlarges the scope of the automobile exception ...

500 U.S. at 585, 111 S.Ct. at 1994 (dissenting opinion of Justice Stevens joined by Justice Marshall). The dissenters noted further:

> The Court does not attempt to identify any exigent circumstances that would justify its refusal to apply the general rule against warrantless searches.

500 U.S. at 593, 111 S.Ct. at 1998. *Acevedo* simply does not support the proposition that exigent circumstances or impracticability are still required under the automobile exception.

In the present case, as noted by the majority, the police had probable cause to believe that Green was transporting cocaine in Pepsi cans, WD–40 cans, and a film canister in his automobile. As the police had the requisite probable cause, the warrantless search was legal under the automobile exception as defined under current law. Therefore, I would uphold the legality of the search and affirm Green's conviction.