Deborah J. STEVENS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A01–9804–CR–156.

Court of Appeals of Indiana.

Oct. 30, 1998.

Patrick J. Renn, Bart Adams, Louisville, KY, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Chris Worden, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant, Deborah J. Stevens, appeals her conviction for Dealing in Cocaine,[1] a Class A felony. Specifically, she contends that the trial court erred in denying her motion to suppress evidence obtained during a warrantless search of her vehicle, and that she was denied effective assistance of trial counsel.[2]

### FACTS

In the early morning hours of April 24, 1994, Stevens and a passenger were stopped by Jeffersonville police officer Kevin Morlan after he observed Stevens' car make an illegal left turn. Officer Morlan asked Stevens to exit the vehicle and noticed that she had bloodshot eyes and smelled of alcohol. Immediately thereafter, Officer Morlan administered several field sobriety tests and a portable breath test to Stevens. Because the result of the breath test revealed a .07% blood alcohol content, Officer Morlan asked Stevens to take another test at police headquarters. Stevens consented, and Officer Morlan handcuffed her and placed her in his patrol car. Officer Morlan then called a tow truck to impound Stevens' vehicle and, while he waited for the tow truck, proceeded to search Stevens' car. He found alcoholic beverage containers underneath the driver's seat, and a black bag between the two front seats containing $1,976 in cash and eleven packages of cocaine weighing a total of 11 ounces.

The State charged Stevens with Dealing in Cocaine, a Class A felony; Possession of Cocaine,[3] a Class C felony; Violation of the Controlled Substance Excise Tax,[4] a Class D felony; and Operating a Vehicle While Intoxicated,[5] a Class A misdemeanor. Stevens filed a motion to suppress the evidence that was seized during the search of her vehicle. Following a hearing on January 26, 1995, the

1. Ind.Code § 35–48–4–1.

2. Oral argument was heard in this case on October 7, 1998 at Vincennes University.

3. I.C. § 35–48–4–6.

4. Ind Code § 6–7–3–11.

5. Ind.Code § 9–30–5–2.

trial court denied the motion. On November 9, 1995, the State offered a plea agreement of a fifteen-year sentence with nine years suspended on probation in exchange for a guilty plea on Dealing in Cocaine as a Class B felony. Stevens indicated in a motion for continuance filed with the trial court on November 20, 1995, that she rejected the agreement. Notwithstanding the motion, Stevens maintains that the plea offer was never communicated to her by her counsel.

After Stevens' counsel obtained several continuances, the trial court ultimately set a trial date for August 19, 1997. At a July 28, 1997 pre-trial conference, the trial court informed Stevens and her counsel that, under the trial court's local "ten-day" rule, Stevens had until August 8, 1997 to file proposed plea agreements with the court. On July 30, 1997, the State offered Stevens a plea of a twelve-year sentence with six years suspended in exchange for a plea of guilty to Dealing in Cocaine as a class B felony. On the same day, Stevens' counsel conveyed the terms of the State's offer to her and indicated a likelihood that she would be found guilty in the event that the case proceeded to trial.

Thereafter, Stevens met with her counsel on August 5, 1997. She contends that at that meeting he did not recommend that she accept the new offer of a plea agreement but rather indicated that it would be advantageous to seek a more favorable plea agreement. Stevens' counsel then filed a motion for continuance on August 5, 1997. He also sent a letter to the prosecutor suggesting that they consider alternative plea arrangements. On August 12, 1997, the trial court denied Stevens' motion for a continuance. On August 14, 1997, Stevens filed an additional motion to continue the trial to permit further plea negotiations. Following a hearing the next day, the trial court denied Stevens' motion.

After a jury trial which commenced on August 19, 1997, Stevens was found guilty of dealing in cocaine, and the State dismissed the remaining charges.[6] The trial court sentenced Stevens to thirty years with four years suspended. After obtaining new counsel, Stevens filed a motion to correct errors alleging ineffective assistance of trial counsel, and, following a hearing on December 10, 1997, the trial court denied the motion. Stevens now appeals.

## DISCUSSION AND DECISION

### I. Warrantless Search of a Vehicle

Stevens asserts that the trial court erred in denying her motion to suppress the evidence obtained during the warrantless search of her vehicle because the search fit none of the recognized exceptions to the warrant requirement. She correctly states that the inventory search exception has been narrowed by both the United States and Indiana Supreme Courts to those cases where there exists a firmly established police policy mandating the inventory of an impounded vehicle. *Florida v. Wells*, 495 U.S. 1, 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); *Colorado v. Bertine*, 479 U.S. 367, 372–73, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *Fair v. State*, 627 N.E.2d 427, 435 (Ind.1993). Thus, she asserts the exception does not apply here because testimony confirmed that no such procedure was in place in the Jeffersonville Police Department. Furthermore, she contends that the State cannot classify the search as one incident to arrest because, according to Officer Morlan's testimony, she was not under arrest when the search took place.

Both the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution protect private and possessory interests by prohibiting unreasonable searches and seizures. *Santana v. State*, 679 N.E.2d 1355, 1358 (Ind. Ct.App.1997). Searches and seizures occurring outside of the judicial process are per se unreasonable unless they fall within one of the exceptions to the warrant requirement. *Id.* The burden of proof is upon the State to demonstrate that a warrantless search fits one of the narrow exceptions to the warrant requirement. *Id.* One such exception is the inventory search, which may occur when a vehicle is impounded following the arrest of the driver, and which is undertaken for the

6. During trial, Stevens renewed her motion to suppress.

protection of the vehicle while it is in police custody. *Harris v. U.S.,* 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). However, this exception has been narrowed to apply only where there exists a firmly established police policy requiring that an impounded vehicle be inventoried. *See Bertine,* 479 U.S. at 372, 107 S.Ct. 738 (1987) (where police followed standardized procedure, and did not act in bad faith or for sole purpose of investigation, the search is permitted under inventory exception).

■ Another exception to the requirement of a warrant is the search incident to arrest, which provides that a police officer may conduct a search "of the arrestee's person and the area within his or her control." *Culpepper v. State,* 662 N.E.2d 670, 675 (Ind. Ct.App.1996), *trans. denied.* When the occupants of a vehicle are arrested, the police may search the driver and passengers, and any containers found in the passenger compartment. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). One traditional rationale for the search incident to arrest was to protect police officers by "remov[ing] any weapons that [the arrestee] might seek to use." *Id.* at 457, 101 S.Ct. 2860. However, this notion has been expanded such that the search of a suspect's automobile is valid under this exception even if the suspect has been "removed from the scene" and her vehicle is no longer in her area of control. *Jackson v. State,* 597 N.E.2d 950, 957 (Ind.1992); *See also California v. Acevedo,* 500 U.S. 565, 570, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). We note, however, that in order for a search incident to arrest to be valid, the arrest itself must be lawful. *Culpepper,* 662 N.E.2d at 675. Probable cause must be present to support the arrest. *Id.*

■ The law defining arrest is well-settled. An arrest is defined as a "taking of a person into custody, that he may be held to answer for a crime." IND.CODE § 35–33–1–5. An arrest has occurred when a police officer "interrupts the freedom of the accused an[d]

restricts his liberty of movement." *Sears v. State,* 668 N.E.2d 662, 667 (Ind.1996). In addition, even when a police officer does not tell the defendant she is under arrest prior to a search, that fact does not invalidate a search incident to an arrest as long as there is probable cause to make an arrest. *Jackson v. State,* 588 N.E.2d 588, 590 (Ind.Ct. App.1992). Furthermore, the subjective belief of the police officer that he may not have probable cause to arrest a defendant when he handcuffs the defendant has no legal effect. *Roberts v. State,* 599 N.E.2d 595, 598 (Ind. 1992), *cert. denied.*

■ We begin our analysis by noting what this case is not about.[7] It does not concern the impounding of a vehicle and an inventory search, notwithstanding Officer Morlan's testimony that he "did a routine inventory" of the vehicle. R. at 367. Such a search of Stevens' vehicle was not authorized under the inventory exception because of the lack of an established police policy allowing it. *See Bertine,* 479 U.S. at 372, 107 S.Ct. 738.

Next, we must determine whether the search of Stevens' vehicle came under the exception of searches incident to arrest. We are compelled to find that it did. Although the traditional rationale for this exception, protection of police officers, does not appear to apply in this case, recent case law allows the search because Stevens was under arrest.

■ First, the record establishes that Officer Morlan had probable cause to arrest Stevens for operating a vehicle while intoxicated. I.C. § 9–30–5–2. Stevens had committed a traffic violation by turning left from a right-turn-only lane. As a result, the initial stop of her vehicle was justified. R. at 492–93. As Officer Morlan approached, he observed that Stevens smelled of alcohol, had bloodshot eyes and admitted to drinking four or five beers that day. R. at 493. She then failed three field sobriety tests. R. at 494. This court has held that proof of intoxication can be established by impairment, independent of tests for blood alcohol level. *Jellison*

---

7. We appreciate the candor of the Deputy Attorney General in conceding at oral argument that the search at issue was not a proper inventory search due to lack of established procedures, and also the candor of counsel for Stevens in conceding that, if Stevens were under arrest, the search was proper.

*v. State,* 656 N.E.2d 532, 535 (Ind.Ct.App. 1995).

■ Furthermore, at the time of the search, Stevens was under arrest by the definitions found in statute and case law. Although Officer Morlan testified that Stevens was not under arrest, he also stated that she was not free to go. R. at 372. Stevens was handcuffed in the back of the police squad car when the search took place. R. at 367. Thus, her freedom and liberty of movement were restrained. *See McGraw v. State,* 504 N.E.2d 345, 348 (Ind.Ct.App.1987) (holding that freedom and liberty of movement were restricted where officer handcuffed suspect). Even if Officer Morlan believed that he did not have probable cause to arrest her, his belief would have no legal effect. *Roberts,* 599 N.E.2d at 598. Nor does his failure to tell her that she was under arrest invalidate the search. *Jackson,* 588 N.E.2d at 590.

Notwithstanding Officer Morlan's testimony that Stevens was not under arrest, the facts establish probable cause to arrest her for operating while intoxicated, and the facts also establish an effective arrest. For all of these reasons, we find that Stevens was under arrest at the time of the search. Therefore, it was proper to search the vehicle under the theory that the search was incident to an arrest.

## II. Ineffective Assistance of Counsel

Stevens next claims that the trial court erred when it denied her motion to correct errors based upon her claim that she received ineffective assistance of counsel. Stevens claims two alleged failures of trial counsel. First, she contends that counsel failed to communicate to her a plea agreement offered by the State on November 9, 1995, and instead filed a motion to continue, falsely informing the court that Stevens had rejected the offer. R. at 379, 773. Second, Stevens contends that trial counsel was ineffective because he failed to recommend accepting the State's second plea offer and failed to tender an executed offer within the trial court's "ten-day" rule. R. at 797–799. In support, Stevens points to the record, which shows that Stevens' counsel instead wrote a letter to the prosecutor stating that he would propose a counter-offer to the State when the prosecutor returned from vacation, knowing that the plea agreement deadline would have passed. R. at 187. Stevens and another witness testified that at an August 5, 1997 meeting, trial counsel informed her that the court's deadline was flexible. R. at 799, 847.

■ The standard of review for a claim of ineffective assistance of counsel is well-settled. There is a strong presumption that counsel rendered adequate assistance. *Brown v. State,* 691 N.E.2d 438, 446 (Ind. 1998). The burden is upon the defendant to rebut this presumption with strong and convincing evidence. *Potter v. State,* 684 N.E.2d 1127, 1131 (Ind.1997). In order to prevail, the defendant must show first that counsel's representation was deficient, and second that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A defendant is denied a fair trial only when a conviction occurs as the result of a breakdown in the adversarial process rendering the trial result unreliable." *Potter,* 684 N.E.2d at 1131. A trial result is deemed unreliable where defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Id.*

Thus, a demonstration of ineffective assistance of counsel requires an inquiry into factual issues, one not well-suited to a motion to correct errors. Here, the record contains, for example, testimony from Stevens, her friend and her mother regarding counsel's conduct. However, the judgment denying the motion to correct errors does not reveal the trial judge's assessment of the factual issues raised.

A long line of cases holds that failure to communicate a plea offer to a defendant constitutes ineffective assistance of counsel. *Gray v. State,* 579 N.E.2d 605, 607 (Ind. 1991); *Whittle v. State,* 542 N.E.2d 981, 989 (Ind.1989); *Gibbs v. State,* 483 N.E.2d 1365, 1366 (Ind.1985); *Young v. State,* 470 N.E.2d 70, 71 (Ind.1984); *Whitacre v. State,* 442

N.E.2d 1085, 1086–87 (Ind.1982); *Harris v. State,* 437 N.E.2d 44, 45 (Ind.1982); *Curl v. State,* 272 Ind. 605, 400 N.E.2d 775, 777 (Ind.1980). In this case, there remain questions of whether counsel in fact failed to communicate the State's first plea offer, and, if so, whether Stevens was in fact prejudiced by such failure, as the *Strickland* test requires, where she later appeared willing to reject an even more generous plea offer from the State. R. at 847.

■ Moreover, we note that in a post-conviction relief setting, the trial judge may infer that the petitioner's counsel, had he testified, would not have corroborated the petitioner's allegations of ineffective assistance of counsel. *Lockert v. State,* 627 N.E.2d 1350, 1353 (Ind.Ct.App.1994), *cert. denied.*[8] We do not wish to extend this inference to motions to correct errors but to suggest that, in this regard as well, the question of ineffective assistance of counsel is not yet procedurally ripe for disposition. The trial court entered no findings of fact or law, and we cannot evaluate its denial of the motion to correct errors. Therefore, we leave for another day the issue of ineffective assistance of counsel, should Stevens decide to raise it in a subsequent petition for post-conviction relief.

The judgment is affirmed, without prejudice to Stevens' ability to raise the effectiveness of counsel in a petition for post-conviction relief.

NAJAM and KIRSCH, JJ., concur.

---

8. Stevens contends that her attorney was sent a copy of her motion to correct error, and was orally advised of the continuance of her hearing, and that he chose not to appear at the hearing. However, she also concedes that her attorney was not subpoenaed to testify at that hearing.