**Shannon STRANGEWAY,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A05–9903–CR–138.**

Court of Appeals of Indiana.

Dec. 2, 1999.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant Shannon Strangeway ("Strangeway") appeals his conviction of possession of cocaine, a Class B felony, Ind.Code § 35–48–4–6; possession of a controlled substance, a Class C felony, Ind. Code § 35–48–4–7; possession of a controlled substance, Class C felony, Ind.Code § 35–48–4–7.

We affirm.

### ISSUES

Strangeway raises one issue on appeal which we restate as whether the search of Strangeway's vehicle violated his Fourth Amendment constitutional rights.

### FACTS AND PROCEDURAL HISTORY

Strangeway was stopped by police officers for a traffic violation. The officers asked for identification from Strangeway and his passenger. The officers checked the identification of Strangeway and his passenger and determined that the passenger had an outstanding warrant for his arrest. The officers then placed the passenger under arrest. While the passenger was exiting Strangeway's vehicle, officer Kowalski observed a cellophane wrapper containing white pills that he believed were controlled substances on the seat of the automobile. It was later determined that the cellophane wrapper contained six pills of Hydrocodone, a schedule II controlled substance, and one pill of Alprazolam, a schedule IV controlled substance.

After observing the cellophane wrapper, the officers arrested Strangeway based on

the contraband found in his automobile. Subsequent to Strangeway's arrest, the officers searched the passenger compartment of the vehicle. During the search of the automobile the officers found a change purse which contained crack cocaine.

Strangeway was charged with Count I, possession of cocaine, a Class B felony; Count II, possession of a controlled substance, a Class C felony; and Count III, possession of a controlled substance, a Class C felony. Strangeway waived his right to a jury trial and was subsequently found guilty at a bench trial. The trial court sentenced Strangeway to concurrent terms of six, two and two years on Counts I, II, and III respectively, for an executed term of six years.

## DISCUSSION AND DECISION

### Request for Identification

Strangeway argues that the trial court erred in denying his motion to suppress evidence obtained as a result of the officers' request for identification from the passenger of his automobile. We disagree.

■ At trial, Strangeway objected to the admission of the drugs seized during the search of his automobile, alleging that the State did not properly show the chain of custody of the drugs from time of seizure to their admission as evidence and failed to provide a proper foundation. "An appellant may not state one ground for his position at trial and assert another ground on appeal." *Baird v. State*, 688 N.E.2d 911, 914 (Ind.1997). The trial court's denial of the motion to suppress did not preserve the issues raised in the motion. *Poulton v. State*, 666 N.E.2d 390, 393 (Ind. 1996). On appeal Strangeway argues that the request for identification from the passenger of the automobile violated his Fourth Amendment constitutional rights. Strangeway is improperly advancing a new issue on appeal which he did not present to the trial court. Strangeway has waived the issue of whether his Fourth Amendment rights were violated when the officer

asked his passenger for identification because he did not raise this issue as a basis for his objection at trial. Waiver not withstanding, we address the issue on the merits.

■ The admission or exclusion of evidence is within the sound discretion of the trial court. *Johnson v. State*, 710 N.E.2d 925, 927 (Ind.Ct.App.1999). Therefore, appeals of the trial court's evidentiary rulings are reviewed for abuse of discretion. *Id.* In reviewing a trial court's denial of a motion to suppress, we will examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Id.*

■ The Fourth Amendment of the United States Constitution prohibits unreasonable search and seizure. *Id.* These Fourth Amendment rights are personal and may not be vicariously asserted. *Peterson v. State*, 674 N.E.2d 528, 532 (Ind. 1996). Thus, a person aggrieved by an illegal search and seizure of a third person, has not had his Fourth Amendment rights violated. *Id.* "In order to challenge a search as unconstitutional, a defendant must have a legitimate expectation of privacy in that which is searched." *Id.* (citing *Livingston v. State*, 542 N.E.2d 192, 194 (Ind.1989)). Therefore, unless an individual's Fourth Amendment rights have been violated, he lacks standing to challenge a search and seizure.

■ In the present case, Strangeway alleges that his Fourth Amendment rights were violated when the police, subsequent to a traffic stop, requested identification from the passenger of his automobile. The passenger produced identification without challenge. The police checked the identification of the passenger and found that he had an outstanding arrest warrant. Thereafter, the police requested the passenger to exit the vehicle and took him into custody for the outstanding warrant. Strangeway had no interest in his passenger's identification. Because the Fourth Amendment right against search and sei-

zure is a personal right, Strangeway lacks standing to challenge the request for identification from his passenger.

### Search Incident to an Arrest

Strangeway argues that the trial court's denial of his motion to suppress the results of the search of the automobile was an abuse of discretion.[1] We disagree.

 Generally, a judicially issued warrant is a condition precedent to a lawful search and seizure. *Johnson,* 710 N.E.2d at 927. An exception to the warrant requirement is a search incident to arrest. *Stevens v. State,* 701 N.E.2d 277, 280 (Ind.Ct.App.1998). This exception permits a police officer to conduct a search of the arrestee's person and the area within his or her control. *Id.* If all the occupants of an automobile are arrested, the police may search the driver, and passengers, and any containers found in the passenger compartment. *Id.* A search of the automobile is only valid if the arrest for which it is subsequent thereto is also valid. *Id.*

 In the present case, the arresting officers, after checking the identification of the passenger, learned that the passenger had an outstanding warrant. Upon asking the passenger to exit the vehicle, the officer observed what he believed to be a controlled substance in plain view. In light of the controlled substance, the officers arrested Strangeway, the driver of the automobile. Strangeway and the passenger were the only occupants of the automobile. The officers then searched the vehicle. The police search of the vehicle did not abridge Strangeway's Fourth Amendment rights because the search of the automobile was incident to an arrest based on probable cause; i.e. the observation of contraband in plain view.

1. We refrain from addressing Strangeway's challenge of an inventory search because we

### CONCLUSION

We affirm the trial court's denial of the motion to suppress because Strangeway lacks standing to challenge the officer's request for identification from the passenger and hold that the trial court properly found that once the driver and passenger of the automobile were arrested, the police could search the passenger compartment of the vehicle.

Affirmed.

KIRSCH, J., and SHARPNACK, C.J., concur.

conclude that the search of the automobile was proper as a search incident to an arrest.