**Kevin PINKNEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–0008–CR–304.**

Court of Appeals of Indiana.

Jan. 11, 2001.

Transfer Denied April 6, 2001.

*Reaves v. State*, 586 N.E.2d 847, 855 (Ind. 1992). The challenged instruction satisfies these criteria.

Edward C. Hilgendorf, South Bend, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant, Kevin Pinkney (Pinkney), appeals the denial of his motion to suppress and his convictions for dealing in cocaine, as a Class B felony, Ind.Code § 35–48–4–1; and possession of marijuana, a Class A misdemeanor, Ind.Code § 35–48–4–11.

We affirm.

### ISSUE

On appeal, Pinkney raises the sole issue of whether the trial court erred by denying his motion to suppress.

### FACTS AND PROCEDURAL HISTORY

On August 10, 1999, Officer Scott L. Severns (Officer Severns) of the South Bend Police Department was on routine patrol in South Bend, Indiana, due to reports of open-air drug dealing activity. During his patrol, Officer Severns observed Pinkney walking into and out of traffic despite the fact that there were sidewalks on both sides of the street. Officer Severns then approached Pinkney to issue him a citation for failing to use the sidewalk. At this point, Officer Severns asked Pinkney to identify himself and then asked Pinkney if he "had anything on him," referring to drugs or weapons. (R. 100, 152). Pinkney responded that he did not and stated that Officer Severns could search his person. During his patdown search of Pinkney's outer clothing, Officer Severns recognized a cigar and a plastic bag that he believed contained marijuana. A field test confirmed that the plastic bag in fact contained marijuana.

Pinkney was then arrested for possession of marijuana and transported to the St. Joseph County Jail. During a strip search at the jail, police discovered a small plastic bag between Pinkney's buttocks, containing fourteen (14) small individually wrapped rocks of cocaine.

The State charged Pinkney with dealing in cocaine, a Class A felony, and possession of marijuana, a Class A misdemeanor. Prior to trial, Pinkney moved to suppress the evidence obtained during the initial search. Following a hearing on Pinkney's motion to suppress on April 24, 2000, the trial court denied the motion on April 27, 2000.

On May 1, 2000, the State moved to amend Pinkney's cocaine charge from a Class A felony to a Class B felony.

A jury trial was held on May 8, 2000, and May 10, 2000, and Pinkney was found guilty of possession of marijuana, a Class A misdemeanor, and dealing in cocaine, as a Class B felony. Pinkney now appeals from the trial court's denial of his motion to suppress.

### DISCUSSION AND DECISION

Pinkney contends that the trial court erred in denying his motion to suppress

the evidence of marijuana.[1] Specifically, Pinkney argues that the warrantless search of his person and the seizure of marijuana was a violation of the Fourth Amendment because there were no facts to support a particularized belief that he was armed and presently dangerous. Pinkney further claims that the officer had no valid reason to empty his pockets because the State failed to prove that the officer's immediate belief upon feeling Pinkney's pocket was that the object was a weapon or contraband.

The trial court is afforded broad discretion in ruling on the admissibility of evidence, and we will reverse such a ruling only upon a showing of abuse of discretion. *Smoote v. State,* 708 N.E.2d 1, 3 (Ind.1999); *Carter v. State,* 692 N.E.2d 464, 465 (Ind.Ct.App.1997). Additionally, a trial court's decision to deny a motion to suppress is reviewed as a matter of sufficiency, and the record must disclose substantial evidence of probative value that supports the trial court's decision. *Taylor v. State,* 689 N.E.2d 699, 702 (Ind.1997). Consequently, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.; Carter,* 692 N.E.2d at 465.

The Fourth Amendment of the United States Constitution provides:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

The Fourth Amendment protection against unreasonable search and seizure has been extended to the states through the Fourteenth Amendment. *State v. Friedel,* 714 N.E.2d 1231, 1237 (Ind.Ct.App.1999). " 'The fundamental purpose of the Fourth Amendment is to protect the legitimate expectations of privacy that citizens possess in their persons, their homes and their belongings.' " *Id.* (citing *People v. James,* 163 Ill.2d 302, 206 Ill.Dec. 190, 645 N.E.2d 195, 197–98 (1994) (citing *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 245 (1979))).

Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. *Sweeney v. State,* 704 N.E.2d 86, 107 (Ind.1998), *cert. denied.* In cases involving a warrantless search, the State bears the burden of proving an exception to the warrant requirement. *Id.; State v. Joe,* 693 N.E.2d 573, 575 (Ind.Ct. App.1998), *reh'g denied, trans. denied* . A valid consent to search is one exception to the warrant requirement. *Sweeney,* 704 N.E.2d at 107; *Melton v. State,* 705 N.E.2d 564, 566 (Ind.Ct.App.1999). The theory underlying this exception is that, when an individual gives the State permission to search either his person or property, the governmental intrusion is presumably reasonable. *Melton,* 705 N.E.2d at 566.

We have previously set forth our standard on the voluntariness of a consent to search in *Thurman v. State,* 602 N.E.2d 548, 552 (Ind.Ct.App.1992), *trans. denied:*

> 'When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given.' *Bumper v. North Carolina,* 391 U.S. 543, 548, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); see also *Snyder v. State,* 538 N.E.2d 961, 964 (Ind.Ct.App.1989), *trans. denied.* The voluntariness of a consent to search is a question of fact to be determined from the totality of the circumstances, *Schneckloth v. Bustamonte,* 412 U.S.

---

1. During the Motion to Suppress hearing, Pinkney's counsel conceded that Pinkney's Motion to Suppress covered the evidence of marijuana obtained from the initial search and not the evidence of cocaine obtained from the subsequent search at the police station.

218, 227, 93 S.Ct. 2041, 2047–48, 36 L.Ed.2d 854 (1973); *Martin v. State,* 490 N.E.2d 309, 313 (Ind.1986), [and a trial court's determination with regard to the validity of a consent is a factual matter which will not be set aside unless it is clearly erroneous. *Purdy v. State,* 708 N.E.2d 20, 23 (Ind.Ct.App.1999).] A consent to search is valid except where it is procured by fraud, duress, fear, intimidation, or where it is merely a submission to the supremacy of the law. *Phillips v. State,* 492 N.E.2d 10, 18 (Ind. 1986) (overruled on other grounds).

There are no such indicators here that Pinkney's consent was in any way induced by fraud, fear, or intimidation. During the suppression hearing as well as during trial, Officer Severns testified that because he was specifically placed in that area of town to hopefully curtail open-air drug dealing, when he asked Pinkney for identification, he also asked him "if he had anything on him, meaning weapons or drugs." (R. 100, 152). Officer Severns then testified that Pinkney responded, " 'No, I don't have anything on me. You can check.' " (R. 100, 153). Nothing shows that Officer Severns intimidated Pinkney or engaged in fraud to procure his consent. Nor does the Record show that Pinkney was under duress, motivated by fear, or gave his consent out of submission to the supremacy of law. Consequently, under the totality of the circumstances, we conclude that Pinkney's consent to search was voluntary.

Having held that Pinkney's consent to search was not constitutionally defective; we must then determine whether Officer Severns exceeded the scope of Pinkney's consent. Because it comes within an established exception to the Fourth Amendment warrant requirement, the scope of the authority to search is strictly limited to the consent given, and a consensual search is reasonable only if it is kept within the bounds of that consent. *Covelli v. State,* 579 N.E.2d 466, 472 (Ind.Ct.App. 1991), *trans. denied* (citing *United States*

*v. Dichiarinte,* 445 F.2d 126, 129–30 (7th Cir.1971)). The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of objective reasonableness, in other words, "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 1803–04, 114 L.Ed.2d 297 (1991). In addition, the scope of a consensual search is generally defined by its expressed object. *Id.* When reviewing the trial court's determination regarding the validity of a search, we consider the evidence favorable to the trial court's ruling and any uncontradicted contrary evidence. *Brown v. State,* 691 N.E.2d 438, 443 (Ind.1998). The test is sufficiency of the evidence. *Id.*

Here, the expressed objects of Officer Severns' search were drugs and weapons. When Pinkney gave Officer Severns permission to search his'person for drugs and weapons, a reasonable person would have understood Pinkney's consent to include permission to search Pinkney's outer clothing, including his back pants pocket, which might reasonably contain those specified items.

Although the case at bar involves a consensual search yielding contraband rather than the "plain feel" doctrine, we find our holding in *Burkett v. State,* 691 N.E.2d 1241, 1245–46 (Ind.Ct.App.1998), *trans. denied,* to be instructive. In that case, we stated that to allow the admission of contraband seized without a warrant under the "plain feel" doctrine, two issues are dispositive—1) whether the contraband was detected during an initial search for weapons rather than during a further search, and 2) whether the identity of the item was immediately apparent to the officer. *Id.* at 1245 (citing *D.D. v. State,* 668 N.E.2d 1250, 1252 (Ind.Ct.App.1996)).

Here, Officer Severns testified that during a normal outer clothing patdown search for drugs and weapons conducted as a result of Pinkney's consent, he imme-

diately recognized a cigar and a round plastic bag in Pinkney's rear jeans pocket. Officer Severns further testified that he immediately thought the plastic bag was marijuana, "[f]rom police experience, prior drug arrests, and the fact that I felt the cigar with it, knowing that it's common on the street that people will use a cigar. They'll hollow it out and put marijuana in the cigar." (R. 100). In addition, Officer Severns testified that at the time of Pinkney's arrest, he had been with the South Bend Police Department for over two years, and had made fifty (50) to one hundred (100) drug arrests. Thus, Officer Severns articulated to the trial court that he immediately identified the plastic bag as marijuana based upon his training and experience. Therefore, because Pinkney consented to an initial patdown search of his person, Officer Severns did not breach the scope of Pinkney's consent, and Officer Severns immediately identified the plastic bag in Pinkney's back pocket as marijuana, we conclude that the trial court did not err in denying Pinkney's motion to suppress the evidence of marijuana.

ROBB and DARDEN, JJ., concur.