**Jason RATLIFF, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0010–CR–677.**

Court of Appeals of Indiana.

July 23, 2001.

Rehearing Denied September 27, 2001.

Robert W. Hammerle, Joseph M. Cleary, Hammerle & Allen, Indianapolis, IN, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton,

Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Jason Ratliff (Ratliff), brings this interlocutory appeal following the trial court's denial of his motion to suppress the evidence obtained as a result of his arrest for dealing in a schedule IV controlled substance, a Class C felony, Ind.Code § 35–48–4–3; possession of a controlled substance, a Class D felony, Ind.Code § 35–48–4–7; and resisting law enforcement, a Class D felony, Ind.Code § 35–44–3–3.

We reverse and remand for further proceedings in accordance with this opinion.

### ISSUE

On appeal, Ratliff raises one issue for our review, which we restate as: whether the trial court properly denied his motion to suppress, by finding that the warrantless search of Ratliff's vehicle, thereby revealing evidence of dealing in drugs, was proper under the automobile exception to the warrant requirement.

### FACTS AND PROCEDURAL HISTORY

On October 16, 1999, officers from the Louisiana State Police Department stopped a vehicle with occupants identified as Roberto Hernandez and Claudia Ortega. Hernandez, the driver, consented to a search of the vehicle, revealing approximately sixty-four thousand doses of valium.

Upon further investigation, the Louisiana police officers discovered that Hernandez and Ortega were intending to deliver the valium to Jason Ratliff in Indianapolis, Indiana. During an interview, Hernandez informed detectives of the Indiana State Police Drug Enforcement Section that Ratliff was to pay him an unspecified amount of money for delivering the drugs to him. Hernandez further informed the detectives that upon arriving in Indianapolis, he and Ortega were to contact Ratliff to make further arrangements for the drug transaction. Hernandez and Ortega agreed with the Louisiana State Police and Indiana State police to cooperate and continue the investigation in Indianapolis, Indiana.

On October 17, 1999, detectives from the Indiana State Police began conducting an investigation of Ratliff's drug trafficking activities in Indianapolis, Indiana. Thereafter, the police secured a room in a Motel 6 in Indianapolis in order to carry out a controlled buy from Ratliff. Hernandez contacted Ratliff telephonically, and they agreed to conduct the drug transaction at the Motel 6. That same day, Ratliff arrived at the Motel 6 in a pick-up truck. Hernandez delivered a black sports bag containing the valium to Ratliff. Ratliff placed the sports bag containing the valium in his vehicle. However, Ratliff told Hernandez that he did not have the money he had promised him and would have to return to make payment. At this point, uniformed officers approached Ratliff's vehicle in an attempt to arrest Ratliff. However, when the uniformed officers identified themselves and ordered Ratliff to stop his vehicle, Ratliff attempted to flee from the officers by recklessly driving his vehicle, and in so doing crashed into another vehicle. Ratliff was then apprehended and the detective in charge of the controlled buy secured the sports bag from Ratliff's vehicle containing the valium.

Following Ratliff's arrest, an officer drove Ratliff's vehicle to a secure police facility to inventory the vehicle. However, once at the facility, a police officer began a warrantless search of the vehicle. During

the warrantless search, the officer discovered a suitcase bearing the name of "Sandra Anderson" and an Indianapolis address. (R. 102).

At this point, the officer conducting the warrantless search of Ratliff's vehicle contacted a Marion County Deputy Prosecutor who advised him that the suitcase could be opened without a warrant. The suitcase was opened and revealed $30,100.02.

On October 17, 1999, the Indiana State Police ultimately charged Ratliff with dealing in and possession of large quantities of valium, a schedule IV controlled drug.

On February 18, 2000, Ratliff filed a Motion to Suppress the evidence retrieved from his vehicle.

On July 17, 2000, the trial court held a hearing on Ratliff's Motion to Suppress and ordered the submission of briefs.

On August 31, 2000, the trial court denied Ratliff's Motion to Suppress, finding that the warrantless search of Ratliff's vehicle was proper under the automobile exception to the warrant requirement.

On October 2, 2000, Ratliff filed a Motion to Certify Denial of Motion to Suppress for Interlocutory Appeal. The trial court granted Ratliff's motion and this interlocutory appeal ensued.

### DISCUSSION AND DECISION

Ratliff contends that the trial court erred in denying his motion to suppress the evidence of dealing in a controlled substance that the police discovered while conducting a warrantless search of his vehicle at the police station. Specifically, Ratliff argues that the warrantless search of his vehicle was a violation of the Fourth Amendment because the automobile exception to the warrant requirement was inapplicable. Essentially, Ratliff claims that because no exigent circumstances existed

and his vehicle had been impounded and moved to a secure police facility, it was not impracticable for the police to obtain a search warrant to search his vehicle and the suitcase located within his vehicle. The State counters that the warrantless search of Ratliff's vehicle was justified under the automobile exception to the warrant requirement because the police had probable cause to search his vehicle.

The trial court is afforded broad discretion in ruling on the admissibility of evidence, and we will reverse such a ruling only upon a showing of abuse of discretion. *Smoote v. State*, 708 N.E.2d 1, 3 (Ind. 1999); *Pinkney v. State*, 742 N.E.2d 956, 959 (Ind.Ct.App.2001), *trans. denied*. Additionally, a trial court's decision to deny a motion to suppress is reviewed as a matter of sufficiency, and the record must disclose substantial evidence of probative value that supports the trial court's decision. *Taylor v. State*, 689 N.E.2d 699, 702 (Ind. 1997). Consequently, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.; Pinkney*, 742 N.E.2d at 959.

The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, protects persons from unreasonable government intrusions into areas of an individual's life in which he has a reasonable expectation of privacy. *State v. Friedel*, 714 N.E.2d 1231, 1237 (Ind.Ct.App.1999). Specifically, the Fourth Amendment of the United States Constitution provides:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

■ " 'The fundamental purpose of the Fourth Amendment is to protect the legitimate expectations of privacy that citizens possess in their persons, their homes and their belongings.' " *Friedel,* 714 N.E.2d at 1237 (citing *People v. James,* 163 Ill.2d 302, 206 Ill.Dec. 190, 645 N.E.2d 195, 197–98 (1994) (citing *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 245 (1979))).

■ Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. *Sweeney v. State,* 704 N.E.2d 86, 107 (Ind.1998), *cert. denied.* In cases involving a warrantless search, the State bears the burden of proving an exception to the warrant requirement. *Id.; State v. Joe,* 693 N.E.2d 573, 575 (Ind.Ct. App.1998), *trans. denied.* Moreover, searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject to only a "few specifically established and well-delineated exceptions." *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991).

An exception to the warrant requirement has been recognized in certain cases for automobiles. The automobile exception was first recognized in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In that case, the United States Supreme Court questioned the admissibility of contraband liquor seized in a warrantless search of a car on the highway. In upholding the warrantless search of the car, the Court recognized the practical difficulty inherent in securing warrants to search movable conveyances. The court then set out the circumstances under which a warrantless search of a movable conveyance may be made and stressed that a warrant must be used where it is reasonably practicable:

> [T]hose lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise. . . . Such a rule fulfills the guaranty of the Fourth Amendment. In cases where securing a warrant is reasonably practicable, it must be used, and when properly supported by affidavit and issued after judicial approval protects the seizing officer against a suit for damages. In cases where seizure is impossible except without a warrant, the seizing officer acts unlawfully and at his peril unless he can show the court probable cause.

*Green v. State,* 647 N.E.2d 694, 695–696 (Ind.Ct.App.1995) (quoting *Carroll,* 267 U.S. at 154, 156, 45 S.Ct. at 285, 286).

■ Subsequently, the U.S. Supreme Court explained the "impracticability" limitation set forth in *Carroll:*

> Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search. *Carroll,* supra, holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.

*Green,* 647 N.E.2d at 696 (quoting *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970), *reh'g denied* ). In 1991, the Supreme Court reaffirmed the *Carroll* doctrine in *California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). In that case, the Supreme Court specifically adopted the automobile exception from *Carroll* without extending or broadening its scope. 500 U.S. at 580, 111 S.Ct. at 1991. The United

States Supreme Court has recognized that where there is probable cause to believe an automobile contains fruits or instrumentalities of a crime, the inherent mobility of the automobile justifies a warrantless search. *See Green*, 647 N.E.2d at 696. Thus, the automobile exception to the search warrant rule requires more than probable cause, because "[o]nly in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." *Chambers*, 399 U.S. at 51, 90 S.Ct. at 1981. The Court in *Chambers* noted that **both** probable cause and a "fleeting target" are required to justify a search. *Id.* (emphasis supplied). Moreover, the U.S. Supreme Court has further recognized that where it is practicable to obtain a search warrant, it is unreasonable to conduct a warrantless search of an automobile. *See Carroll*, 267 U.S. at 156, 45 S.Ct. at 286; *see also Green*, 647 N.E.2d at 696.

▆▆▆▆ In addition to claiming that the warrantless search of Ratliff's vehicle was justified under the automobile exception to the warrant requirement because the police had probable cause to search Ratliff's vehicle, the State also asserts that the warrantless search was permissible because it was performed pursuant to a routine inventory of the contents of the seized automobile. The State is correct that when a vehicle has been properly seized, it is subject to a warrantless search in order to inventory its contents. *Brown v. State*, 653 N.E.2d 77, 81 (Ind.1995). The threshold question in inventory cases is whether the impoundment itself was proper. *Id.* However, what the State fails to recognize is that the impoundment is, after all, a seizure, subject to constitutional limitations virtually identical to those governing a search. *See id.* Specifically, the U.S. Supreme Court, in *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), held that when a vehicle is readily

capable of being used on the highways, and is found stationary in a place not regularly used for residential purposes, two justifications for the vehicle exception to the search warrant come into play. First, the vehicle is readily mobile. Secondly, there is a reduced expectation of privacy in a motor vehicle stemming from its being subject to a range of police regulation inapplicable to a fixed dwelling. *Brown*, 653 N.E.2d at 81 (citing *Carney*, 471 U.S. at 392–93, 105 S.Ct. at 2070, 85 L.Ed.2d at 414). Therefore, *Carney* applies where the vehicle itself is seized as evidence of a crime. *Id.*

Here, Ratliff filed a Motion to Suppress on February 18, 2000, that states in relevant part as follows:

2. On October 17, 1999, the State police conducted a warrantless search of Ratliff's vehicle. The State police conducted this search without Ratliff's consent and there were no applicable exceptions to the warrant requirement. The State police claim to have discovered a controlled substance in Ratliff's vehicle. This search was unreasonable and unconstitutional and violated Ratliff's rights under the Fourth Amendment to the United States Constitution and Article One, Sec. 11 of the Indiana Constitution.

3. Separately and apart from the above, Ratliff objects to and moves to suppress the results of the search of a closed suitcase found within Ratliff's vehicle. This search was without a warrant and without Ratliff's consent. There were no applicable exceptions to the warrant requirement which authorized this search. According to the State police, approximately thirty thousand dollars in cash was recovered from the suitcase. This search was unreasonable and unconstitutional and violated Ratliff's rights under the Fourth Amendment to the United States Constitution

and Article One, Sec. 11 of the Indiana Constitution.

(R. 35). Subsequently, on August 31, 2000, the trial court rendered a Ruling on Motion to Suppress that provides in pertinent part as follows:

> First, we will turn to the search incident to arrest exception. The search cannot be justified under this exception, as it did not occur substantially contemporaneously with the arrest. See La-Fave, Search and Seizure 7.1(c) (1996, 1999).

> Next, we will look at the automobile exception. The court finds that the search is proper under this theory. Under the facts outlined above, the officer's had probable cause to believe that the car contained evidence of a crime. Give [sic] that, they were entitled to search the car and any containers that could have contained evidence either on the scene or at a later time. See LaFave, Supra at 7.2(d).

> Last, the [S]tate asserts that this was a proper inventory. The court need not reach this issue either, as the court has found the search proper under the automobile exception.[1]

> WHEREFORE, the Motion to Suppress is hereby DENIED.

(R. 57–58).

In the present case, it is not disputed whether the police had probable cause to search Ratliff's vehicle. The Record supports that they did. The dispute arises from the State's assertion that under the automobile exception to the warrant requirement, probable cause alone is sufficient to support a warrantless search of a vehicle. On the other hand, Ratliff argues that exigent circumstances and the impracticability of obtaining a warrant together with probable cause are the requirements for a warrantless search under the automobile exception. However, the State does not offer evidence, nor does it assert, given the particular facts of this case, that there were exigent circumstances, which made it impracticable for the police to secure a search warrant to search Ratliff's automobile.

Nevertheless, in its brief, the State impliedly wishes for us to determine that the police officers' actions were the result of exigent circumstances and impracticability. Specifically, the State claims that the police chose a secure police facility to perform the warrantless search on Ratliff's vehicle because the facility was nearby, Ratliff's vehicle was in the middle of the motel parking lot after the crash, and because undercover officers were on the scene, the officers did not wish to remain in public view any longer than necessary.

However, we fail to see the exigency of the circumstances in this particular case rendering it impracticable for the police to secure a search warrant to search Ratliff's vehicle. In fact, the police were knowledgeable of Ratliff's intention to deal drugs, and knew from informants one day in advance when and where Ratliff would be to complete the drug transaction. Moreover, once the police had transported Ratliff's vehicle to the police facility, an officer, without a warrant began searching Ratliff's vehicle. While searching the vehicle, the officer discovered a suitcase and subsequently consulted a deputy prosecutor about whether to open the suitcase. Upon the deputy prosecutor's direction, the officer opened the suitcase without a warrant,

---

1. Thus, because the trial court did not reach the issue of a proper inventory search, we base our decision solely upon the trial court's denial of Ratliff's Motion to Suppress based upon the trial court's finding that the warrantless search of Ratliff's vehicle fell within the automobile exception to the warrant requirement.

revealing $30,100.02. Thus, the police had plenty of time to secure a warrant, as the vehicle had been impounded in a secure police facility. There was no risk that the police would lose crucial evidence as a result of the mobility of the vehicle.

Because there were no exigent circumstances and because it was practicable for the police to obtain a search warrant, the automobile exception to the warrant requirement is inapplicable, and therefore, it was unreasonable for the police to conduct a warrantless search of Ratliff's automobile. Before performing a search or seizure, police officers are required to obtain a warrant.

 Nevertheless, Ratliff was under arrest pursuant to probable cause. A warrantless arrest is lawful if the arresting officer has probable cause to believe a felony has been committed. *Fyock v. State,* 436 N.E.2d 1089, 1093 (Ind.1982). An officer may conduct a search without a warrant if it is incident to a lawful arrest. *Townsend v. State,* 460 N.E.2d 139, 141 (Ind.1984). Under this exception the initial arrest must be lawful, the search and arrest must be contemporaneous in both place and time and the scope of a search is limited to the area within the arrestee's immediate control. *Id.*

However, we agree with the trial court's determination that the search incident to arrest exception does not apply to the facts of this case because the search of Ratliff's vehicle did not occur contemporaneously in both time and place with his arrest. Therefore, we find that neither the search incident to arrest exception nor the automobile exception apply to the facts of this case

Accordingly, the trial court's judgment on the motion to suppress is reversed and this cause is remanded for further proceedings consistent with this opinion. Specifically, because the trial court failed to address the issue of the inventory search exception since it found that the automobile exception applied, we remand this cause for the trial court to consider whether the search of Ratliff's vehicle was conducted as the result of a proper inventory search.

## CONCLUSION

Based on the foregoing, we concluded that the trial court improperly denied Ratliff's motion to suppress, by finding that the warrantless search of Ratliff's vehicle, thereby revealing evidence of dealing in drugs, was proper under the automobile exception to the warrant requirement.

Reversed and remanded for further proceedings in accordance with this opinion.

SULLIVAN, J., concurs.

FRIEDLANDER, J., dissents with opinion.

FRIEDLANDER, Judge, dissenting.

I believe that the trial court correctly denied the motion to suppress and therefore respectfully dissent.

The majority concludes that the trial court erred in determining that the search in question was legal based upon what the trial court referred to as "the automobile exception." The majority rejects this conclusion upon its view that, in order to pass constitutional muster, a warrantless search of an automobile is permissible only upon the confluence of three factors—probable cause, impracticality of obtaining a search warrant, and exigent circumstances. I need not express an opinion on that particular holding because I believe that the trial court's order was sustainable on another ground. *See Dowdell v. State,* 720 N.E.2d 1146 (Ind.1999) (an appellate court may affirm the trial court's ruling on a motion

to suppress on any theory supported by the evidence).

One exception to the warrant requirement that has developed in the law involves searches incident to an arrest. *Stevens v. State,* 701 N.E.2d 277 (Ind.Ct.App. 1998). This exception provides that a law enforcement official may conduct a search of the arrestee's person and the area within his or her control. *Id.* When a vehicle's occupants are arrested, police may search any containers found in the passenger compartment. *Stevens v. State,* 701 N.E.2d 277. Originally, the rationale for this exception was that it was necessary to protect police officers by removing any weapons that the arrestee might attempt to use. Over time, this exception has expanded such that the search of a suspect's automobile is valid under this rationale even if the suspect has been removed from the scene and the subject vehicle is no longer in the arrestee's area of control.

In the instant case, the trial court expressly rejected the argument that the search was constitutional under the "search incident to arrest" exception. The majority affirms that conclusion upon the basis that the search of Ratliff's truck was not legal because it did not occur contemporaneously in both time and place with his arrest. That holding, in turn, is based upon the majority's view that "the search and arrest must be contemporaneous in both place and time and the scope of a search is limited to the area within the arrestee's immediate control." *Op.* at 45. The majority cites *Townsend v. State,* 460 N.E.2d 139 (Ind.1984) as authority for this proposition. I believe that *Townsend* is inapplicable here because it did not involve an automobile search. Rather, the facts of that case were that the defendant was confronted at his home a short time after he had robbed a man at a different loca-

tion. The search in question was conducted at the defendant's house.

The instant case, of course, involved the search of a vehicle, not a house. The body of law pertaining to vehicle searches has evolved differently in some respects from other types of search, based in no small part upon the fact that vehicles are mobile. For this reason, I believe that *Townsend's* requirement of contemporaneousness of time and place of arrest is not applicable to vehicle searches, at least not as the majority has applied it here. Rather, I believe the rule applicable here can be found in *Stevens v. State,* 701 N.E.2d 277. In that case, the defendant was arrested on suspicion that she was driving while intoxicated. After she was placed in handcuffs and secured in the back of a patrol car, the arresting officer searched the defendant vehicle and discovered what he believed to be contraband under the driver's seat. The defendant moved to suppress the contraband. The trial court denied the motion on grounds that the search was proper as a search incident to arrest.

In affirming the trial court's ruling, this court observed that, under the "search incident to arrest" exception to the general rule requiring a warrant, a police officer may search the arrestee's person and the area inside the vehicle within his or her control. Although traditionally justified on grounds that the purpose of such a search was to protect police officers, the exception "has been expanded such that the search of a suspect's automobile is valid under this exception even if the suspect has been removed from the scene and her vehicle is no longer in her area of control." *Id.* at 280. Thus, it is clear that the requirement of contemporaneousness is not violated if, for instance, enough time has passed that the defendant has already been removed from the scene. *See, e.g., Jackson v. State,* 597 N.E.2d 950 (Ind.1992), *cert. denied,*

507 U.S. 976, 113 S.Ct. 1424, 122 L.Ed.2d 793 (1993). With regard to the spatial aspect of the concept of contemporaneousness, I can conceive of no reason why a vehicle search under this exception would be permissible at the location of the arrest, but not permissible in, say, a nearby police impound lot. It would seem to me that, given the inherent mobility of a vehicle, the location of the search is of lesser consequence than the presence or absence of the defendant. In view of the fact that our supreme court has indicated that a search incident to arrest may be performed even after the defendant has been removed from the scene, I believe it is of little import whether the vehicle is searched at the scene of the arrest or, as occurred in the instant case, at a nearby secure police facility. In my opinion, this view is entirely consistent with *Jackson v. State,* 597 N.E.2d 950 and *Stevens v. State,* 701 N.E.2d 277.

In summary, I would affirm the order of the trial court upon the basis that the search of the defendant's vehicle was proper pursuant to the "search incident to arrest" exception.