**Jesse OWENS a/k/a Jay Owens, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 985S351.**

Supreme Court of Indiana.

Sept. 17, 1986.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Jesse Owens was convicted at the conclusion of a jury trial in the Marion Superior Court of robbery, a class B felony, and possession of a sawed-off shotgun, a class D felony, and, further, was found to be an habitual offender. He was sentenced to ten (10) years for robbery, and two (2) years for the possessory offense, to be served concurrently, and the robbery sentence was enhanced by thirty (30) years due to the habitual offender finding, for a total of forty (40) years. On direct appeal he raises the following issues:

1. whether the conviction was supported by sufficient evidence;

2. whether the stop and search of Appellant violated his Fourth Amendment guarantees; and

3. whether Appellant was properly sentenced.

On July 29, 1984, Appellant robbed the Hook's Drug Store at 147 North Pennsylvania Street, in Indianapolis. He approached the pharmacist and gave her a note which stated:

"Read Carefully!! I have a 'gun' This is a hold-up For real! no alarm no signal's no trick's Act casual don't distract attention of others here, and no one will be hurt! I mean business I want the money in the safe quickly & quietly do you wan't me to show? anything to Prove I mean! business. tell the employee here dont be a hero,! Give note back"

The pharmacist immediately called the police and described the robber. A police broadcast described the suspect as a 5'7" black male, approximately 35 years old, wearing a green shirt and brown hat, and carrying a green bag. Within an hour, the police stopped Appellant five blocks from the robbery. Appellant is a black male in his thirties, and on that day was wearing a green shirt and tan hat, and was carrying a burgundy bag. Appellant had no identification, and gave three different answers when asked his address. The police officer placed Appellant's bag, which Appellant had claimed contained laundry, on the police car, and heard the sound of metal striking metal. The officer "patted down" the bag from the outside and felt a long, hard object. The officer opened the bag and discovered a sawed-off shotgun. The pharmacist was brought to the scene and identified Appellant.

## I

Appellant maintains there was insufficient evidence to establish he was armed with a deadly weapon at the time of the robbery. The evidence set forth above reveals Appellant gave the pharmacist a note stating he had a gun. Shortly thereafter, Appellant was found nearby in possession of a sawed-off shotgun. The pharmacist testified Appellant gestured with something in the bag at various times.

When sufficiency of evidence is raised on review, we neither weigh the evidence nor judge the credibility of the witnesses; rather we look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 37. The evidence in the present case is ample from which the jury could infer beyond a reasonable doubt that Appellant was armed with a deadly weapon at the time of the robbery.

## II

Appellant contends the police officer lacked probable cause to search him.

While the Fourth Amendment to the United States Constitution guarantees the right to be free from unreasonable searches and seizures, an on-the-street investigatory stop by a police officer may be conducted if it is reasonable in light of all circumstances. The officer need not have probable cause to arrest, but must be able to point to specific and articulate facts which, taken together with rational inferences therefrom, warrant intrusion upon an individual's right of privacy. *Gipson v. State* (1984), Ind., 459 N.E.2d 366, 368; citing *Terry v. Ohio* (1968), 392 U.S. 1, 22, 88 S.Ct. 1368, 1880, 20 L.Ed.2d 889, 906. If the facts known by the police at the time of the stop would cause a reasonable man to believe the action taken was appropriate, the Fourth Amendment commands are satisfied. *Id.*

When Appellant was stopped, he was five blocks away from the scene of an armed robbery, and matched a description of the suspect. Furthermore, answers to initial questions were inconsistent and evasive. The facts stated above would warrant a reasonable man to stop Appellant. Furthermore, the search of the bag was reasonable for the police officer's own protection.

## III

Appellant finally argues the trial court abused its discretion by failing to consider Appellant's low intelligence factor in sentencing him. Appellant concedes that Ind. Code § 35-38-1-7 makes discretionary the finding of mitigating factors by the trial court. In the present case Appellant was given the presumptive statutory sentences for the crimes of which he was convicted: ten (10) years for class B robbery; two (2) years for class D possession of a sawed-off shotgun; and thirty (30) years for being found an habitual offender. The latter sentence enhanced that for rob-

bery, and the two felony sentences were ordered to be served concurrently.

We will not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Further, a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Sen. 2. When a presumptive sentence is imposed it is assumed the trial court considered all the proper statutory factors. *Id.*

Appellant has made no showing that the trial court's sentence was improper. He merely asserts that it is so. We find no error in the trial court imposing the presumptive sentence.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.