Matt T. BURKETT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A02–0209–CR–718.

Court of Appeals of Indiana.

March 18, 2003.

Kelly Leeman, Leeman & Burns, Logansport, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, ELlen H. Meilaender Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Matt T. Burkett appeals his conviction for Possession of a Controlled Substance,[1] a class D felony. He presents the following dispositive issue for review: Did the trial court err in denying Burkett's motion to suppress?

We reverse.

The facts most favorable to the conviction reveal that on January 21, 2001, Indiana State Police Trooper Robert Burgess stopped Matt Burkett for driving sixty-seven miles per hour in a fifty-five-miles-per-hour zone. Burkett smelled of alcohol and had red, watery eyes. Trooper Burgess asked Burkett to get out of his car. Trooper Burgess then administered the horizontal-gaze-nystagmus test and an alco-sensor test, for which Burkett tested .10. Trooper Burgess read Burkett the implied-consent law, and Burkett agreed to take a chemical test.

Trooper Burgess handcuffed Burkett and drove him to the Howard County Jail to administer the test. The test is administered in a secured portion of the jail facility. Before removing the handcuffs from Burkett, Trooper Burgess performed a pat-down search for weapons. He felt a hard, cylindrical object in Burkett's pants pocket. When asked what it was, Burkett shrugged and did not reply. Trooper Burgess pulled out the object, which was an amber-colored pill bottle containing five and one-half yellow pills.

Trooper Burgess gave the pill bottle to Officer Brian Sheetz so that he could contact Poison Control to determine the nature of the pills while Trooper Burgess was administering additional field sobriety tests to Burkett. Officer Sheetz made that call from the same room, only a few feet from Trooper Burgess, and returned the pills to him in about fifteen minutes, along with the conclusion that they were probably Alprazolam, a controlled substance. Officer Sheetz then administered an Intoxilyzer test to Burkett. The Intoxilyzer test yielded a result of .09.

Although Burkett was not arrested for operating while intoxicated,[2] the police retained the pills for further testing. The State subsequently charged Burkett with class D felony possession of a controlled substance based on the pills obtained through the pat-down initiated at the jail. Prior to trial, Burkett filed a motion to suppress claiming that the pills were found during an illegal warrantless search. The trial court denied the motion, finding that the police acted reasonably in searching a person brought into a secured portion of the jail. Burkett renewed his motion to suppress at trial and made contemporaneous objections to the physical evidence during trial. He now appeals, contending that there was neither an evidentiary nor legal basis for the search.

The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion. Our review of a denial of a motion

1. Ind.Code Ann. § 35–48–4–7 (West, PREMISE through 1st Special Sess.).

2. The statute at the time required proof that a person was operating a vehicle with an alcohol concentration equivalent to at least one-tenth (0.10) gram of alcohol. The statute has since been amended to require proof of only eight-hundredths (0.08) gram of alcohol to sustain a conviction for operating while intoxicated.

to suppress is similar to our review of other sufficiency matters. We will disturb the trial court's ruling only upon a showing of abuse of discretion. When reviewing a trial court's ruling on a motion to suppress, we will examine the evidence most favorable to the ruling, together with any uncontradicted evidence. We will not judge witness credibility, or reweigh the evidence.

*Wright v. State,* 766 N.E.2d 1223, 1229 (Ind.Ct.App.2002) (citations omitted).

■ Both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution protect the privacy and possessory interests of individuals by prohibiting unreasonable searches and seizures. *Barfield v. State,* 776 N.E.2d 404 (Ind.Ct.App.2002). Generally, a lawful search requires a judicially issued search warrant. *Id.* When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search. *Id.* The United States Supreme Court recognized one such exception to the warrant requirement in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

> *Terry* permits a 'reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.'

*Wilson v. State,* 745 N.E.2d 789, 792 (Ind. 2001) (quoting *Terry v. Ohio,* 392 U.S. at 27, 88 S.Ct. 1868). While Burkett does not challenge the validity of the initial traffic stop, he does argue that because Trooper Burgess lacked any reasonable articulable suspicion justifying the pat-down search, the pills recovered from the pat-down search should be suppressed.

■ Without deciding whether the pat-down search was reasonable under *Terry,* we conclude that the warrantless seizure of the pills was not justified. The seizure of contraband detected during a *Terry* search for weapons is permissible under the "plain feel doctrine." *Barfield v. State,* 776 N.E.2d 404. "If during the lawful patdown of 'the suspect's outer clothing,' the officer 'feels an object whose contour or mass makes its identity' as contraband 'immediately apparent' to that officer, a warrantless seizure may be executed." *Id.* at 407 (quoting *Minnesota v. Dickerson,* 508 U.S. 366, 375–76, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)).

Officer Burgess's testimony does not support a finding that the identity of the contraband in Burkett's pocket as a controlled substance was immediately apparent to him at the time of his protective patdown. There is no indication that Officer Burgess instantaneously ascertained that the substance in Burkett's pants pocket was either a weapon or contraband. To the contrary, even after removing the pills from Burkett, Officer Burgess was still unclear whether the bottle contained contraband or merely prescription pills. Officer Burgess testified that could hear the pills inside of the bottle, and knew that there were no weapons involved.

We are unable to conclude that based on a pat-down search of Burkett, the identity of the pills as contraband was "immediately apparent" to Officer Burgess. Thus, the removal of the pill bottle containing Alprazolam from Burkett's pants pocket and subsequent testing of it during a *Terry* search for weapons exceeded the permissible bounds of a legitimate pat-down

and, thus, seizure of the contraband was not justified under the plain-feel doctrine. Hence, the trial court abused its discretion in denying Burkett's motion to suppress.[3] The trial court's judgment is reversed, and the cause of action remanded with instructions to vacate Burkett's conviction for possession of a controlled substance.

Judgment reversed.

BROOK, C.J., and MATTINGLY–MAY, J., concur.

---

**3.** Burkett also contends that the trial court abused its discretion in allowing the pills and test results to be admitted into evidence because the State failed to prove adequate chain of custody. He further appeals the trial court's finding of a knowing and intelligent waiver of his right to a jury trial. Because we reverse his conviction based on the trial court's error in denying his motion to suppress, we need not address Burkett's remaining contentions.