# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALLISON RIGGLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1109-CR-472 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Teresa A. Hall, Master Commissioner
Cause No. 49F10-1101-CM-6669

**May 10, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

Allison Riggle appeals her conviction following a bench trial for class A misdemeanor possession of marijuana.[1]

We reverse and remand.

ISSUE

Whether the trial court abused its discretion in admitting evidence.

FACTS

On January 29, 2011, Indianapolis Metropolitan Police Officer Philip Bulfer observed Riggle turn left from the eastbound lane of Eugene Street into the outer northbound lane of Martin Luther King Avenue, a four-lane road with two lanes in each direction. Believing that Riggle had committed a traffic violation by not turning into the lane closest to the center line, Officer Bulfer initiated a traffic stop.

Soon thereafter, other officers arrived on the scene to assist Officer Bulfer. As one of the officers approached the driver's side of Riggle's vehicle, he noticed "the smell of burnt marijuana" emanating from the vehicle and relayed that information to Officer Bulfer. (Tr. 28). Another officer told Officer Bulfer that he had observed Riggle "shove[] something inside her right boot." (Tr. 35).

After Officer Bulfer had Riggle step out of the vehicle, she admitted that she had hidden some marijuana in her boot. A search of the boot revealed 1.04 grams of marijuana.

---

[1] Ind. Code § 35-48-4-11.

On January 30, 2011, the State charged Riggle with class A misdemeanor possession of marijuana. Riggle moved to suppress the marijuana, which the trial court denied. Following a bench trial on August 15, 2011, the trial court found Riggle guilty as charged and sentenced Riggle to 365 days with 361 days suspended.

DECISION

Riggle asserts that the trial court abused its discretion in admitting any evidence that she possessed marijuana.[2] Specifically, she argues that the traffic stop violated her rights under the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution.

Both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution protect the privacy and possessory interests of individuals by prohibiting unreasonable searches and seizures. *Barfield v. State*, 776 N.E.2d 404, 406. (Ind. Ct. App. 2002). This protection also governs "'seizures' of the person." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). A traffic stop is a seizure under the Fourth Amendment. *Meredith v. State*, 906 N.E.2d 867, 869-70 (Ind. 2009) (internal citations omitted).

---

[2] Riggle poses the issue as whether the trial court improperly denied her motion to suppress. She, however, did not seek an interlocutory appeal after the trial court denied her motion to suppress. Rather, she proceeded to trial. "Once the matter proceeds to trial, the question of whether the trial court erred in denying a motion to suppress is no longer viable." *Kelley v. State*, 825 N.E.2d 420, 424 (Ind. Ct. App. 2005). The issue therefore is "'more appropriately framed' as whether the evidence was admissible at trial." *Brown v. State*, 929 N.E.2d 204, 206 n.1 (Ind. 2010) (quoting *Washington v. State*, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003)), *reh'g denied*.

An officer may stop a vehicle when he or she observes a minor traffic violation. A stop is lawful if there is an objectively justifiable reason for it, and the stop may be justified on less than probable cause. An officer's decision to stop a vehicle is valid so long as his or her on-the-spot evaluation reasonably suggests that lawbreaking occurred. This discretion, however, does not extend to an officer's mistaken belief about what constitutes a violation as a matter of law.

*Gunn v. State*, 956 N.E.2d 136, 139 (Ind. Ct. App. 2011) (internal citations omitted).

Citing to *Gunn*, Riggle argues that the traffic stop was invalid because she did not commit a traffic violation when she turned left onto Martin Luther King Avenue. *See id.* at 140 (finding that the statute governing turns at intersections does not require drivers making a left turn to enter the second road in the closest left lane). The State concedes this issue, and we agree. Accordingly, we reverse and remand with instructions that the trial court vacate Riggle's conviction.

Reversed and remanded.

NAJAM, J., and RILEY, J., concur.