**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH FRANKLIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-CR-323 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1204-FD-26065

**January 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

On occasion, a police officer's warrantless search of an individual or his property exceeds the scope of the person's "consent to search," which is a well-known exception to the warrant requirement. This is such a case.

Here, the officer conducted a patdown of appellant-defendant Joseph Franklin for safety purposes. After the officer obtained Franklin's consent to remove a pill bottle from Franklin's pocket and determined from viewing the outside of the bottle that no weapons were inside, such as needles, the officer, without obtaining Franklin's consent, opened the bottle and discovered a variety of pills, including what was later identified as hydrocodone, a controlled substance. Franklin was subsequently charged with Possession of a Controlled Substance,[1] a class D felony.

Because the police officer's search of the pill bottle exceeded the scope of consent that Franklin provided and the search of the contents of the pill bottle did not fall under any other exception to the warrant requirement, the drugs were improperly admitted into evidence at trial in violation of Franklin's rights under the Fourth Amendment. Thus, we reverse Franklin's conviction.

## FACTS

On April 20, 2012, Indianapolis Metropolitan Police Department (IMPD) Officer Charles Tice was patrolling the 3000 block of East Washington Street, which is a high crime area. At approximately 2:00 a.m., Officer Tice noticed a Dodge Ram pickup truck with a license plate that was not illuminated.

---

[1] Ind. Code § 35-48-4-7.

When Officer Tice was eventually able to read the plate number and could search it on his computer, it was determined that the plate was registered to a maroon Plymouth Voyager. Officer Tice became concerned because a different license plate could indicate that the vehicle had been stolen and the individual could be dangerous. As a result, Officer Tice stopped the truck and determined that Franklin was the sole occupant of the vehicle.

As Officer Tice approached the vehicle, he explained to Franklin that the truck was not the vehicle to which the license plate was registered. Franklin responded that the plate belonged to his Plymouth Voyager. Officer Tice asked Franklin if he had any paperwork for the vehicle. Franklin was only able to produce a 2008 bill of sale.

In light of safety concerns, Officer Tice requested that Franklin exit the truck. Officer Tice then began to pat down Franklin. During the patdown, Officer Tice felt a cylindrical object with a defined cap in Franklin's pocket. Officer Tice believed that the object in Franklin's pocket was a prescription pill bottle. Officer Tice believed that in light of his experience as a police officer, pill bottles can be dangerous because they may contain needles or razor blades. Officer Tice then obtained Franklin's consent to remove the bottle from Franklin's pocket.

Once he removed the pill bottle from Franklin's pocket, Officer Tice looked at the bottle to make certain there were no weapons inside and noticed through the bottle that there were several types of pills inside. The bottle was also not labeled like a proper prescription pill bottle. Thus, Officer Tice thought that the bottle might contain

3

contraband. Officer Tice confiscated the bottle with the pills inside and opened the bottle without Franklin's consent. Officer Tice then transported the bottle and its contents to the police department property room. Apparently, either Officer Tice or someone in the property room opened the pill bottle and counted the pills.

Dustin Crawford, a forensic chemist from the Marion County Crime Lab, tested the suspected drugs, found three different types of pills in the bottle, and determined that some of the pills contained hydrocodone, a controlled substance. Tr. p. 106-14. Franklin did not have a valid prescription for that drug.

As noted above, the State charged Franklin with possession of a controlled substance, a class D felony. Thereafter, Franklin filed a motion to suppress, claiming that Officer Tice improperly stopped him and that the initial stop and subsequent patdown and search of the pill bottle were improper. As a result, Franklin argued that all items seized and any and all communications and statements that he made during the stop should be excluded from the evidence. Following a hearing, the trial court denied the motion to suppress, and Franklin proceeded to a bench trial. Franklin was found guilty as charged and was subsequently sentenced. He now appeals.

## I. Standard of Review

Where the admission of evidence was originally challenged through a motion to suppress and is later questioned following the admission of evidence at trial, the issue is appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial. Friend v. State, 858 N.E.2d 646, 650 (Ind. Ct. App. 2006). The trial

4

court is afforded broad discretion in ruling on the admissibility of evidence. Pinkney v. State, 742 N.E.2d 956, 959 (Ind. Ct. App. 2001). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Smith v. State, 889 N.E.2d 836, 839 (Ind. Ct. App. 2008).

A trial court's ruling on the constitutionality of a search or seizure is reviewed de novo. Kelly v. State, 997 N.E.2d 1045, 1049 (Ind. 2013). We will reverse only if we find the decision below "clearly against the logic and effect of the facts and circumstances." Joyner v. State, 678 N.E.2d 386, 390 (Ind. 1997). Finally, a trial court's evidentiary ruling will be upheld on appeal on any legal basis that is sustainable in the record. Matheny v. State, 983 N.E.2d 672, 676 (Ind. Ct. App. 2013), trans. denied.

## II. Franklin's Claims

Franklin argues that the scope of his consent was exceeded, thereby violating his Fourth Amendment rights when Officer Tice opened the pill bottle, seized the drugs inside, and communicated with him following the patdown. Thus, Franklin maintains that all evidence relating to the search of the pill bottle should have been excluded from the evidence.

On the other hand, the State maintains that the evidence was properly admitted because Officer Tice's opening of the bottle fell under several exceptions to the warrant requirement, including probable cause to arrest Franklin for unlawful possession of a controlled substance. The State asserts that the search was justified when Officer Tice

examined the bottle from the outside and noticed that it contained several types of pills that were likely contraband.

In resolving this issue, we note that warrantless searches are generally prohibited under the Fourth Amendment. Moreover, where a warrantless search is conducted, the State has the burden of proving an exception to the warrant requirement. Miller v. State 991 N.E.2d 1025, 1028 (Ind. Ct. App. 2013), trans. denied.

One of the recognized exceptions to the warrant requirement is that of lawful consent; however, the State has the burden to prove that the consent was voluntarily given. Krise v. State, 746 N.E.2d 957, 961 (Ind. 2001). On the other hand, the scope of the authority to search is strictly limited to the consent given, and a consensual search is reasonable only if it remains within the bounds of that consent. Pinkney v State, 742 N.E.2d 956, 959 (Ind. Ct. App. 2001). In other words, the police cannot use a defendant's consent to search for specific items, such as weapons to ensure officer safety, as a license to further conduct a general exploratory search. Smith v. State, 713 N.E.2d 338, 344 (Ind. Ct. App. 1999). Individuals have an expectation of privacy as to the contents of closed containers and "any search of the inside of the containers [is] subject to the warrant requirement." Matson v. State, 844 N.E.2d 566, 571 (Ind. Ct. App. 2006).

To illustrate, in C.D.T. v. State, 653 N.E.2d 1041 (Ind. Ct. App. 1995), police officers lawfully stopped the defendant and conducted a patdown for weapons. On appeal, it was determined that under the rule announced in Terry v. Ohio, 392 U.S. 1 (1968), that if a police officer finds what feels like a weapon during a patdown, the

6

officer can reach into the clothing to see if it is a weapon. Id. at 1045. As was announced in C.D.T., "the purpose of the Terry stop is not to discover evidence of crime, but rather to allow the officer to pursue his investigation without fear of violence. The Terry search should be confined to its protective purpose." Id. at 1045. Moreover, it was determined that "Terry does not permit the continuation of a curiosity search once an officer has dispelled his reasonable fear for his safety and the safety of others." Id. at 1047. Thus, in C.D.T., even though the police officer discovered a plastic bag that contained contraband in C.D.T.'s pocket, the true finding of the juvenile court was reversed because the officer did not know that the plastic bag contained contraband until the bag was seized and the contents of it were further examined. In short, it was determined that the search exceeded the bounds of what was permissible in a patdown for weapons.

Also, in Burkett v. State, 785 N.E.2d 276 (Ind. Ct. App. 2003), the defendant was stopped for speeding and administered several field sobriety tests. After learning of the implied consent law, Burkett agreed to take a chemical test and was transported to jail to have the test administered. Before the test, a police officer patted Burkett down for weapons and discovered a "hard, cylindrical object in Burkett's pants pocket" which contained "five and one-half pills." Id. at 277. This Court determined that the "warrantless seizure of the pills was not justified" because the officer's testimony "does not support a finding that the identity of the contraband in Burkett's pocket as a controlled substance was immediately apparent to him at the time of his protective pat-

7

down." Id. at 278. Additionally, "even after removing the pills from Burkett, [the officer] was still unclear whether the bottle contained contraband or merely prescription pills." Id. at 278.

As discussed above, Officer Tice's patdown for "safety reasons" was justified in patting Franklin down, in that it was a search that was similar to a limited Terry patdown for weapons. Tr. p. 16, 24, 80. Officer Tice then obtained Franklin's consent to remove the container from Franklin's pocket to determine whether the container held any weapons, such as a needle or razor blade, that might endanger officer safety. See Jackson v State, 669 N.E.2d 744, 748 (Ind. Ct. App. 1996) (holding that the removal of a container from the defendant's pocket was permissible when the officers were searching for weapons).

Although Officer Tice noticed that there were pills in the bottle when viewing the bottle from the outside, he realized that there were no weapons inside. Tr. p. 17-18, 28, 96. However, as noted above, Officer Tice opened the pill bottle without a warrant and without Franklin's consent. Indeed, the purpose of a search to ensure officer safety "is not to discover evidence of a crime, but to allow the officer to pursue the investigation without fear." Jackson, 669 N.E.2d at 747.

In Jackson, the police officer removed a container from the defendant's pocket. However, once the officer "could see that it did not contain a weapon, [a]t that instant the officers were no longer faced with the threat of danger, and the lawful right to search Jackson without a warrant under Terry ended." Id. at 749.

8

Here, the State attempts to rely on the "open view doctrine" justifying Officer Tice's actions because the pill bottle did not contain a prescription label and Officer Tice observed several types of pills inside the bottle that he thought might be contraband. However, the evidence does not support a conclusion that Officer Tice would have known if the contents of the bottle was contraband based on his cursory visual inspection. In other words, because Franklin may well have possessed a valid prescription for each of the medications, there was simply no way for the "illicit nature of the pill bottle and the pills inside it [to be] immediately apparent to the officer." Appellee's Br. p. 8. See Shirley v. State, 803 N.E.2d 251 (Ind. Ct. App. 2004) (upholding a search incident to arrest because the defendant had been placed under arrest for something that occurred independent of and before the officers discovered a pill bottle); Klopfenstein v. State, 439 N.E.2d 1181 (Ind. Ct. App. 1982) (same). Also, as this court observed in Corwin v. State:

> We decline the State's invitation to hold the facts and circumstances in this case, as known to Officer Flynn immediately upon pulling the bottle from Corwin's pocket, created probable cause to arrest Corwin for a drug crime. Thus, we cannot hold Officer Flynn's opening of the bottle was permissible as a search incident to arrest.

962 N.E.2d 118, 124 (Ind. Ct. App. 2011), trans. denied.

Applying the principles set forth above to the circumstances here, once Officer Tice removed the pill bottle from Franklin's pocket and was assured that there were no weapons inside, there was no exigency that required him to open the bottle and examine its contents. Moreover, the State has not made a successful claim that probable cause

9

existed for the opening and search of the contents of the pill bottle, in that Officer Tice did not have knowledge "of facts and circumstances that would warrant a person of reasonable caution to believe that the suspect committed a criminal act." Rhodes v. State, 996 N.E.2d 450, 455 (Ind. Ct. App. 2013). Although there may have been different types of pills in the bottle, we cannot say that this evidence led Officer Tice to reasonably believe that the bottle contained contraband, thus justifying opening the bottle and searching its contents.

Finally, we reject the State's contention that "the pill bottle was properly opened pursuant to the inventory exception" to the warrant requirement. Appellee's Br. p. 12. The State further claims that because the pill bottle "was submitted to the property room, it would undoubtedly have been opened and its contents inventoried as part of routine administrative procedure to protect the property and its owner's interest in the property and to provide a proper chain of custody for the evidence." Id. at 12.

Notwithstanding these claims, the State's argument does not account for the fact that, but for Officer Tice's act of opening the pill bottle, the police had no reason to arrest Franklin. Thus, there was no need to confiscate the pill bottle that otherwise would not have been inventoried. See Hawkins v State, 626 N.E.2d 436, 439 (Ind. 1993) (observing that exigent circumstances cannot be created by police officers to justify warrantless searches). In other words, because it was Officer Tice's conduct that created the opportunity for an inventory search, it cannot be used as a justification for seizing the evidence.

In conclusion, when Officer Tice opened the pill bottle that he retrieved from Franklin's pocket, he did so without Franklin's consent and without a warrant. In other words, Officer Tice exceeded the scope of Franklin's consent. Once Officer Tice observed that the bottle did not contain any weapons, the scope of Franklin's consent to pat him down for officer safety had reached its limit. Nor did any other exception to the warrant requirement exist. Thus, Officer Tice lacked the authority to open the pill bottle and examine its contents and, in doing so, violated Franklin's Fourth Amendment rights. As a result, because Officer Tice illegally opened the bottle, the trial court erred in admitting its contents into evidence. Thus, Franklin's conviction must be reversed.

The judgment of the trial court is reversed.[2]

NAJAM, J., and CRONE, J., concur.

---

[2] Although Franklin also contends that we should remand this cause to the trial court to correct an alleged sentencing error contained in the abstract of judgment, we need not do so in light of our disposition above.