## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 14 2018, 11:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jacob White,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 14, 2018

Court of Appeals Case No.
34A02-1711-CR-2553

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1611-CM-1163

**Pyle, Judge.**

# Statement of the Case

Jacob White ("White") appeals his conviction for Class B misdemeanor possession of marijuana.[1] On appeal, he argues that the trial court abused its discretion when it admitted the marijuana he possessed into evidence because that marijuana had been seized pursuant to an illegal search. Because we find that the search was not illegal, we conclude that the trial court did not abuse its discretion, and we affirm White's conviction.

We affirm.

# Issue

Whether the trial court abused its discretion when it admitted marijuana into evidence.

# Facts

On November 4, 2016, Howard County probation officer Keri Barnes ("Probation Officer Barnes") attempted to conduct a compliance check on her probationer, Christopher Mosier ("Mosier"). She and other probation officers and state troopers went to the address where Mosier had told her he lived. The owner of the home, Mosier's brother, Craig Mosier ("Craig"), answered the door and let them in the house. As soon as Probation Officer Barnes walked into the home, she smelled the odor of marijuana.

---

[1] IND. CODE § 35-48-4-11(a)(1).

[4]     Probation Officer Barnes asked Craig who was "in the home," and he responded that White, his nephew, was there, but Mosier was not. (Tr. Vol. 2 at 5). Probation Officer Barnes asked for permission to search the home, and Craig gave his permission. Probation Officer Barnes opened a door to her left and saw White coming out of a bathroom. The bathroom was connected to two bedrooms, including a bedroom where White had spent the night. When Probation Officer Barnes searched that bathroom, she again smelled marijuana and found a bag of marijuana "under the sink." (Tr. Vol. 2 at 6).

[5]     Subsequently, the State charged White with Class B misdemeanor possession of marijuana. At the bench trial, the State introduced into evidence the marijuana Probation Officer Barnes had found in the bathroom. White objected to the admission of the marijuana, arguing that it was the fruit of a warrantless, illegal search. The trial court admitted the marijuana over White's objection.

[6]     At the conclusion of the trial, the trial court found White guilty as charged and sentenced him to one hundred eighty (180) days executed in the Howard County Jail. White now appeals.

## Decision

[7]     On appeal, White argues that the trial court abused its discretion when it admitted the marijuana Probation Officer Barnes had found into evidence. Specifically, he argues that the search that produced the marijuana was illegal because it violated his Fourth Amendment right to privacy and, thus, the marijuana seized pursuant to the search was inadmissible.

The admission of evidence is generally left to the discretion of the trial court. *Hammond v. State*, 82 N.E.3d 880, 884 (Ind. Ct. App. 2017). We review admissibility challenges for an abuse of that discretion and will reverse only when admission is clearly against the logic and effect of the facts and circumstances before the court and the error affects the party's substantial rights. *Id.* "'[W]hen an appellant's challenge to such a ruling is predicated on an argument that impugns the constitutionality of the search or seizure of the evidence, it raises a question of law, and we consider that question de novo.'" *Id.* (quoting *Guilmette v. State*, 14 N.E.3d 38, 40-41 (Ind. 2014)). Generally speaking, evidence obtained pursuant to an unlawful search must be excluded at trial. *Id.*

The Fourth Amendment to the United States Constitution protects both privacy and possessory interests by prohibiting unreasonable searches and seizures. *D.Y. v. State*, 28 N.E.3d 249, 254 (Ind. Ct. App. 2015). The Fourth Amendment's warrant requirement is a principal protection against unnecessary intrusions into private dwellings. *State v. Straub*, 749 N.E.2d 593, 597 (Ind. Ct. App. 2001). Warrantless searches are "*per se* unreasonable under the Fourth Amendment," subject to a "few specifically established and well-delineated exceptions." *Holder v. State,* 847 N.E.2d 930, 938 (2006). One such exception is when the government obtains a valid consent to search. *Browder v. State*, 77 N.E.3d 1209, 1217 (Ind. Ct. App. 2017), *trans. denied.* The theory underlying the consent exception is that, when an individual gives the State permission to search either his person or property, the governmental intrusion is

presumably reasonable. *Primus v. State*, 813 N.E.2d 370, 374 (Ind. Ct. App. 2004).

[10] Here, White argues that the search that produced the marijuana was illegal because it was warrantless and the consent exception to the warrant requirement did not apply. Specifically, he asserts that, even though Craig consented to the search, he did not give "expanded consent to search for marijuana." (White's Br. 11). In other words, White essentially argues that Craig limited the scope of his consent to allow a search for Mosier but not a search for marijuana.

[11] It is true that a consensual search allows a person to limit the search as he chooses. *Kubsch v. State*, 784 N.E.2d 905, 918 (Ind. 2003). The scope of the authority to search is strictly limited to the consent given, and a consensual search is reasonable only if it is kept within the bounds of that consent. *Chiszar v. State*, 936 N.E.2d 816, 826 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied.* The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of objective reasonableness. *Id.* In other words, "'what would the typical reasonable person have understood by the exchange between the officer and the suspect?'" *Id.* (quoting *Pinkney v. State*, 742 N.E.2d 956, 960 (Ind. Ct. App. 2001), *trans. denied*). Notably, these principles limit "'where police may look, not what they actually find.'" *State v. Cunningham*, 26 N.E.3d 21, 28 (Ind. 2015) (quoting *McIlquham v. State*, 10 N.E.3d 506, 513 (Ind. 2014)).

[12]     We are not persuaded by White's argument, because there is no evidence in the record that Craig limited his consent to search his house. Probation Officer Barnes testified that she asked for consent to search the house, and Craig gave permission. A reasonable person could have understood the search of the bathroom to be within the scope of that unqualified consent. Moreover, Probation Officer Barnes did not need "expanded consent" merely because she found marijuana while looking for Mosier. (White's Br. 11). As stated above, the scope of consent may limit "'where police may look, not what they actually find.'" *Cunningham*, 26 N.E.3d at 28 (quoting *Mcllquham*, 10 N.E.3d at 513). Because a reasonable person could have understood the search of the bathroom to be within the scope of Craig's consent to search the house, it is not determinative that Probation Officer Barnes found marijuana there rather than Mosier.

[13]     As Craig validly consented to the warrantless search, we conclude that it was legal under the Fourth Amendment.[2] *See Browder*, 77 N.E.3d at 217 (holding that consent is an exception to the Fourth Amendment's warrant requirement). Notably, White has not provided an independent analysis of the legality of the search under the Indiana Constitution, so we need not address that issue on

---

[2] White asks several rhetorical questions in his brief under the guise of raising those issues as arguments. Because he has not supported those rhetorical questions with citations to legal authority, we consider those issues waived for failure to present a cogent argument. Ind. Appellate Rule 46(A)(8)(a) (requiring that an appellant's argument be supported by cogent argument and citations to relevant authority). He also challenges the trial court's conclusion that no one was allowed to object to the search of the house because it was a probation search, but he has not clarified the relevance of this argument or cited to any legal authority to support his objection. Accordingly, we find it also waived for failure to present a cogent argument. *See id*.

appeal. *Decker v. State*, 19 N.E.3d 368 n.3 (Ind. Ct. App. 2014) (providing that failure to present a cogent argument under the Indiana Constitution results in waiver of the issue on appeal), *trans. denied.* Accordingly, we conclude that the trial court did not abuse its discretion when it admitted the marijuana into evidence.

Affirmed.

Vaidik, C.J., and Barnes, J., concur.