ATTORNEYS FOR APPELLANT
Lisa Diane Manning
Manning Law Office
Danville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Stephen R. Creason
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Aug 04 2016, 4:00 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 32S04-1608-CR-415

COREY T. WEAVER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Hendricks Superior Court, No. 32D02-1410-CM-001002
The Honorable Rhett M. Stuard, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 32A04-1508-CR-1110

**August 4, 2016**

**Per Curiam.**

A majority of the Court of Appeals reversed Defendant Corey T. Weaver's conviction for refusing to identify himself to a law enforcement official, finding insufficient evidence to support the conviction. We agree with the dissenting opinion that the evidence was sufficient, and therefore grant transfer and affirm the trial court.

On the night of October 1, 2014, Hendricks County Sheriff's Deputy Samuel Chandler observed a vehicle with an inoperable license plate light, and he initiated a traffic stop.  The vehicle

stopped, and Deputy Chandler approached it and asked the driver for his license and registration. After the driver was unable to produce his license, Deputy Chandler asked the driver for his address and then for his name. The driver avoided answering the request for his address, and evaded the questions about his name—eventually disclosing his last name as "Mr. Weaver" but otherwise representing, "I don't have a particular name." Tr. at 11, 57. After finally admitting his mother calls him "Corey," Weaver then repeatedly refused to provide his date of birth, even after being handcuffed and detained for refusing to identify himself. After a total of approximately sixteen minutes of questioning, Weaver finally provided his date of birth. Deputy Weaver then was able to determine that Weaver's license was suspended.

The State charged Weaver with, among other things, refusing to identify himself in violation of Indiana Code section 34-28-5-3.5, which provides as follows:

> A person who knowingly or intentionally refuses to provide either the person's:
>> (1) name, address, and date of birth; or
>> (2) driver's license, if in the person's possession;
> to a law enforcement officer who has stopped the person for an infraction or ordinance violation commits a Class C misdemeanor.

After a bench trial he was convicted as charged, and the trial court imposed a $100 fine for the refusal-to-identify conviction. A majority of the Court of Appeals reversed, finding insufficient evidence that Weaver violated the statute. Weaver v. State, 53 N.E.3d 1225 (Ind. Ct. App. 2016). Judge Altice dissented, and would have affirmed the trial court. Id. at 1229.

We agree with Judge Altice that the evidence was sufficient to support Weaver's conviction under Indiana Code section 34-28-5-3.5. Accordingly, we grant transfer, *see* Ind. Appellate Rule 58(A), and affirm the judgment of the trial court.

All Justices concur.