NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017
Decided February 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2430

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:15CR00064-001 |
| MICHAEL COLEMAN, *Defendant-Appellant.* | Jane Magnus-Stinson, *Chief Judge.* |

**O R D E R**

A police officer stopped Michael Coleman for walking in the middle of a residential street in Indianapolis. Coleman gave the officer a phony name, and after this lie was discovered, another officer searched him and found a handgun in his pocket. Coleman was arrested under an Indiana statute criminalizing the refusal to provide identification, IND. CODE § 34-28-5-3.5, and federal authorities then charged him with possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). Coleman filed an unsuccessful motion to suppress, and afterward he entered a conditional guilty plea allowing him to appeal that ruling. But his plea agreement also includes an appeal waiver, which forecloses all other claims about his conviction and sentence. The district court sentenced Coleman to 100 months' imprisonment and 3 years' supervised release. He filed a notice

of appeal, but his appointed attorney moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief explaining the nature of the case and addressing contentions that an appeal likely would involve. Coleman opposes counsel's motion. *See* Cɪʀ. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the points she discusses and the additional contentions in Coleman's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Coleman does not wish to challenge his guilty plea unless the ruling on his motion to suppress is overturned, and thus the lawyer appropriately forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). And because Coleman's appeal waiver would stand unless his guilty plea is set aside, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), the only possible ground for appeal is the district court's denial of his motion to suppress.

At the evidentiary hearing on that motion, Coleman and the two police officers testified. The first officer saw the 41-year-old Coleman in a residential area walking in the street instead of using one of the sidewalks running along either side. The officer asked for identification, prompting Coleman to say that he possessed an Indiana identification card but did not have it with him. He gave a name, "DeWayne Coleman," and, in quick succession, three dates of birth: September *34*, 1973; September *31*, *1930*; and, finally, September 30, 1973. The last of these was at least plausible, but the officer's mobile, online search of Bureau of Motor Vehicles records turned up neither a driver's license nor an identification card. After first confirming with Coleman the spelling of the name and date of birth he had given, the officer placed him in handcuffs. The second police officer then asked Coleman if he had a weapon, and when he said yes, the officer found and removed a handgun from his pants pocket. At this point only five to ten minutes had elapsed since the encounter began. For his part, Coleman testified that he had been walking in the street to avoid snow on the sidewalks. But the district court, relying on the first officer's testimony and street photos taken the next day, found that the sidewalks had been clear of snow. In his Rule 51(b) response, Coleman does not dispute this finding.

Appellate counsel first considers whether Coleman could press his contention that the stop violated the Fourth Amendment. In the district court the government conceded that Coleman had been seized when the police demanded identification.

Indiana law prohibits walking in a "roadway"—meaning any publicly maintained street—if a sidewalk is available. IND. CODE §§ 9-21-17-12, 9-13-2-73, -157. A violation is a civil infraction, *id*. § 9-21-17-24, but still the Constitution (and even state law) authorizes detention. *See United States v. Shields*, 789 F.3d 733, 745 (7th Cir. 2015) (upholding investigatory detention on suspicion of committing noncriminal parking violation); *see also* IND. CODE § 34-28-5-3 (authorizing brief detention to issue citation for infraction or ordinance violation); *Pinkney v. State*, 742 N.E.2d 956, 958 (Ind. App. Ct. 2001) (upholding consent search performed after suspect was detained for walking in roadway instead of using sidewalk). The district court's uncontested finding that Coleman could have used the sidewalk renders frivolous any conceivable appellate claim. In his Rule 51(b) response, he accuses the police of stopping him because he is black, but that would not be a basis for suppression of the gun even if true, *see Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment.").

Second, counsel evaluates whether Coleman could pursue his challenge to the arrest. Coleman addresses this same question in his Rule 51(b) response. In Indiana a person detained for a civil infraction commits a misdemeanor by refusing to give his name, address, and date of birth. IND. CODE § 34-28-5-3.5; *Weaver v. State*, 56 N.E.3d 25, 26 (Ind. 2016); *see Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cty.*, 542 U.S. 177, 185 (2004) (upholding state law criminalizing refusal to provide identification during investigative stop). Coleman had given two obviously fictitious dates of birth and then a third date that, although plausible, did not yield a match in the state's identification database for the name he used. And since Coleman had said he possessed a state identification card, this lack of a match all but confirmed he was lying about his identity, allowing the police to make a custodial arrest, even for this minor criminal offense committed in their presence. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *United States v. Garcia*, 376 F.3d 648, 650 (7th Cir. 2004). We agree with counsel that it would be frivolous to challenge the arrest.

Lastly, challenging the search would be frivolous. Police may conduct a search incident to arrest, *United States v. Robinson*, 414 U.S. 218, 236 (1973); *United States v. Hill*, 818 F.3d 289, 295 (7th Cir. 2016), even before the arrest is announced, *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980); *United States v. Leo*, 792 F.3d 742, 748 n.1 (7th Cir. 2015); *United States v. Jackson*, 377 F.3d 715, 717 (7th Cir. 2004). In this case, the police gained probable cause to arrest Coleman for refusing to provide identification, and, as soon as

he was in handcuffs, the gun was found in his pants pocket. It would be frivolous to argue that the gun should have been suppressed.

We GRANT counsel's motion to withdraw and DISMISS the appeal.